# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

03-2263

_____

United States of America,      *
     *
        Plaintiff - Appellee,      *
     *   Appeal from the United States
       v.      *   District Court for the Eastern
     *   District of Missouri.
Juan Francisco Gonzalez, also known      *
as Michael Andrew Quinones,      *       [UNPUBLISHED]
     *
        Defendant - Appellant.      *

_____

Submitted: February 28, 2006
Filed: July 18, 2006

_____

Before RILEY, RICHARD S. ARNOLD,[1] and MELLOY, Circuit Judges.

_____

PER CURIAM.

       We affirmed the criminal conviction and life sentence imposed upon Juan Francisco Gonzalez in an earlier opinion. United States v. Gonzalez, 365 F.3d 656 (8th Cir. 2004). The Supreme Court then granted certiorari based on sentencing issues

_____

       [1]The Honorable Richard S. Arnold died on September 23, 2004. This opinion following remand from the Supreme Court is filed by the remaining judges of the original panel. See 8th Cir. R. 47E.

under <u>Blakely v. Washington</u>, 542 U.S. 296 (2004).  After the Supreme Court issued its opinion in <u>United States v. Booker</u>, 543 U.S. 220 (2005), the Court vacated our judgment and remanded for reconsideration in light of <u>Booker</u>.[2]  We now affirm.

Our review under <u>Booker</u> is for plain error because Gonzalez did not raise the <u>Blakely</u> issue below.  Because the district court made factual findings and understandably applied the Guidelines as mandatory, there was error.  Under our plain error test, we consider <u>Booker</u> error to have affected a defendant's substantial rights only if the existing record demonstrates a "reasonable probability" that the district court would have imposed a lesser sentence under an advisory regime.  <u>United States v. Pirani</u>, 406 F.3d 543, 551 (8th Cir. 2005).  The defendant bears the burden of proving plain error.  <u>Id.</u> at 550.  If the record is ambiguous or if we are forced to speculate as to what might have happened under an advisory regime, then the defendant has not met his burden.  <u>Id.</u> at 553 ("'[W]here the effect of the error on the result in the district court is uncertain or indeterminate-where we would have to speculate-the appellant has not met his burden of showing a reasonable probability that the result would have been different but for the error.'") (quoting <u>United States v. Rodriguez</u>, 398 F.3d 1291, 1301 (11th Cir. 2005)).

In calculating the then-mandatory Guidelines range, the district court applied enhancements, including an enhancement for a leadership role, and arrived at a Guidelines offense level of forty-four.  The district court also found that Gonzalez had a category one criminal history and described this history as "a curiosity" in that Gonzalez was "so heavily involved in a drug trafficking enterprise" and yet had no

[2]As to the issues unrelated to sentencing that we decided in our prior opinion, including Fourth Amendment issues, issues related to Spanish language translations, and the sufficiency of the evidence, we affirm the judgment of the district court for the reasons set forth in our prior opinion.  The Supreme Court granted certiorari as to sentencing issues and remanded with specific reference to <u>Booker</u>.  As such, we find no basis for disturbing our prior rulings on these other issues.

juvenile or adult criminal record. As noted by the district court, the applicable Guidelines range was not a range, but a mandate of life imprisonment. The district court expressly commented on the lack of discretion afforded by the Guidelines in this case, saying, "Under the United States Sentencing Guidelines, the only sentence that the Court has available is life imprisonment." We interpret these comments as neutral observations on the practical realities of the case rather than expressions of a desire to sentence Gonzalez to a term of years.

Elsewhere, the district court appeared sympathetic. The sentencing judge read into the record letters of support written on behalf of Gonzalez, noted that the letters had made an impression, and stated, "I make these comments on the record as some support for you as you proceed down a monstrously difficult road." These comments however, were countered by other statements from the district court regarding the propriety of a life sentence and the impact of Gonzalez's crime on numerous victims. The district court stated:

> As I heard the testimony in this case, I was stricken by several things. One, the enormous amount of drugs that were involved. The grief that was imposed upon so many people. The lives of so many other people that testified here that were irrevocably changed by this conduct which you led as an organizer. And while people generally who get involved in these things must take responsibility for themselves and they can't blame it all on you, clearly, you had a – role in that activity insofar as they were concerned.
>
> The other thing I observed in that trial was from you personally. In listening to the wiretaps evidence, in hearing the testimony, I kept trying to determine how it was that you got involved in this in the first place, and I'll probably never have the answer to that question. The letters refer to you as being very intelligent, which I absolutely believe that you are, and I suppose my only wish is that somehow it would be possible for the time to be reversed and that another path could have been chosen by you, but that's really not my role to decide.

Based upon the serious nature of the instant offense which involved a conspiracy to distribute and possession with intent to distribute cocaine and marijuana and in consideration of Defendant's leadership role in the instant offense, a sentence of life imprisonment would seem to address sentencing objectives of just punishment, general deterrence, and incapacitation.

Even if we were to read these statements by the district court in a light favorable to Gonzalez, we find that they establish, at most, ambiguity. The court clearly understood that numerous supporters thought highly of Gonzalez, and the court itself viewed Gonzalez as an intelligent man who made unfortunate choices that led to extensive criminal activity. The court nevertheless was impressed with the scale of the criminal enterprise and the substantial impact of the crimes on numerous lives and stated that it viewed a life sentence as appropriate. Because these comments establish at most ambiguity and not a reasonable probability that the district court would have imposed a term of years under an advisory regime, we must allow the sentence to stand. Pirani, 406 F.3d at 553.

The judgment of the district court is affirmed.

_____